UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
VERNON LESHORE,

                Petitioner,

    -against-

NASSAU COUNTY SHERIFF'S DEPARTMENT
OF CORRECTIONAL FACILITY,

                Respondent.
------------------------------------------------------------X

**ORDER**
11-CV-2587 (SJF)

FEUERSTEIN, United States District Judge:

On May 25, 2011, incarcerated pro se petitioner Vernon Leshore ("petitioner" or "Leshore") filed the instant petition seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. [Docket Entry No. 1].[1] Respondent subsequently filed a motion to dismiss, which petitioner has not opposed.[2] [Docket Entry No. 13]. For the following reasons, the motion is granted, and the petition is dismissed without prejudice.

I.    Factual and Procedural Background

In 2010, petitioner was indicted on charges of gang assault in the first degree, in violation of Penal Law § 120.07, gang assault in the second degree, in violation of Penal Law § 120.06, assault in the first degree, in violation of Penal Law § 120.10[1], two (2) counts of assault in the second degree, in violation of Penal Law §§ 120.05[1] and 120.05[2], assault in the third degree,

---

[1] The petition was amended on August 5, 2011. [Docket Entry No. 11].

[2] Although petitioner moved for, and was granted, and extension of time to file his opposition, no opposition was filed.

1

in violation of Penal Law § 120.00[1], two (2) counts of criminal possession of a weapon in the third degree, in violation of Penal Law § 265.02[1], and two (2) counts of criminal possession of a weapon in the fourth degree, in violation of Penal Law § 265.01[2]. Affidavit of Joanna Hershey [Docket Entry No. 13] at ¶ 4. According to respondent, the indictment arose out of petitioner's participation in an assault in Long Beach, New York. Id. at ¶ 3.

Petitioner entered a plea of guilty to one (1) count of attempted assault in the second degree, in violation of Penal Law §§ 110 and 120.05, and, on June 6, 2011, was sentenced to a term of two (2) to four (4) years' imprisonment. Id. at ¶ 6. That same day, petitioner filed a notice of appeal in Nassau County Court. Id. at ¶ 7.[3] Petitioner also filed a series of motions in the Nassau County Court pursuant to C.P.L. Article 440, seeking an order vacating his conviction and sentence. Id. at ¶ 8.

Petitioner filed the instant petition on May 25, 2011, after his guilty plea, but before his sentencing. In the amended petition, he appears to argue, inter alia, that he was arrested without probable cause and that his guilty plea was not voluntary. See Docket Entry No. 11. Respondent now moves to dismiss pursuant to 28 U.S.C. § 2254(b)(1)(A) and (c), arguing that petitioner's claims are unexhausted.

II.  Analysis

"An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has

---

[3] To the best of this Court's knowledge, the appeal remains pending before the Appellate Division, Second Department.

exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A); see also Carvajal v. Artus, 633 F.3d 95, 104 (2d Cir. 2011) ("[B]efore a federal court can consider a habeas application brought by a state prisoner, the habeas applicant must exhaust all of his state remedies."). "Exhaustion of state remedies requires that a petitioner fairly present federal claims to the state courts in order to give the state the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." Cornell v. Kirkpatrick, 665 F.3d 369, 375 (2d Cir. 2011) (quoting Carvajal, 633 F.3d at 104). In order to exhaust his state remedies, petitioner must "'fairly present' the federal claim 'in each appropriate state court (including a state supreme court with powers of discretionary review).'" Richardson v. Superintendent of Mid-Orange Corr. Facility, 621 F.3d 196, 201 (2d Cir. 2010) (quoting Baldwin v. Reese, 541 U.S. 27, 29, 124 S.Ct. 1347, 158 L.Ed.2d 64 (2004)). This means that the "petitioner must 'present[] his [or her] claim to the highest court of the state.'" Galamez v. Keane, 394 F.3d 68, 73 (2d Cir. 2005) (quoting Morgan v. Bennett, 204 F.3d 360, 369 (2d Cir. 2000). "The exhaustion requirement is animated by 'notions of comity between the federal and [s]tate judicial systems.'" Carvajal, 633 F.3d at 104 (quoting Strogov v. Attorney Gen. of N.Y., 191 F.3d 188, 191 (2d Cir. 1999)).

As of the time the petition was filed, Leshore clearly had not exhausted his state remedies: his appeal was still pending before the Second Department and his motions to vacate were pending before the County Court. Furthermore, the Court has not located any information indicating that plaintiff's claims have been properly exhausted since that time. Under these circumstances, the proper course of action is to dismiss the petition without prejudice. See generally Carpenter v. Reynolds, 212 F.Supp.2d 94, 98 (E.D.N.Y. 2002).

III. Conclusion

For the foregoing reasons, respondent's motion to dismiss is granted, and the petition for a writ of habeas corpus is dismissed in its entirety without prejudice. The Clerk of Court is directed to close this case and to serve copies of this order upon all parties, including mailing a copy to the pro se petitioner at his last known address. See Fed. R. Civ. P. 77.

A certificate of appealability will not issue, as petitioner has not made a substantial showing of a denial of a constitutional right. Miller-El v. Cockrell, 537 U.S. 322, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003).

**SO ORDERED.**

s/ Sandra J. Feuerstein
_____
Sandra J. Feuerstein
United States District Judge

Dated: August 7, 2012
Central Islip, New York